The final issue is whether Record Wide is entitled to a bad debt deduction or a deduction for an addition to a bad debt reserve for 1974. *See* 26 U.S.C. § 166. In that year, Sound On Tape Distributors, Inc., one of taxpayer's major customers, suffered a serious financial setback and was unable to pay Record Wide the $176,574.22 remaining after all returns were credited. Because income was reported on a cash received basis, Sound On's failure to pay was not charged off by taxpayer in 1974. Taxpayer now contends that if its 1974 tax liability is recomputed on an accrual basis, it is entitled to a deduction under § 166(a)(1) or (2), or (c).[5]

Relying on the facts that Sound On attempted to salvage its business for several years and that taxpayer continued to deal with Sound On, albeit not on a credit basis, the tax court concluded, and we agree, that taxpayer has failed to prove that the debt was wholly worthless in 1974, as required by § 166(a)(1). *See Riss v. Comm'r*, 478 F.2d 1160, 1165–66 (8th Cir. 1973). With respect to § 166(a)(2), and (c), we recognize, as did the tax court, that the Commissioner is vested with broad discretion to allow a deduction for a partially worthless debt, *Brimberry v. Comm'r*, 588 F.2d 975, 977 (5th Cir. 1979), or for an addition to a bad debt reserve, *Thor Power Tool v. Comm'r*, 439 U.S. at 547–48, 99 S.Ct. at 788–89; *Malone & Hyde, Inc. v. United States*, 568 F.2d 474, 477 (6th Cir. 1978). Although the Commissioner might have reached a different result, we cannot say that he clearly erred in finding that Record Wide failed to show that the partial worthlessness could have been predicted in 1974

with reasonable certainty. *See Sika Chemical Corp. v. Comm'r*, 64 T.C. 856, 863 (1975). We conclude that the Commissioner did not abuse his discretion in disallowing a bad debt deduction or a deduction for an addition to a bad debt reserve in 1974.[6]

Finding no reversible error, the decision of the tax court, largely for reasons stated by that court, is affirmed.

**Malcolm C. TODD and Ruth S. Todd, Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**No. 81–7757.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 7, 1982.

Decided July 19, 1982.

Brian J. Seery, Los Angeles, Cal., for appellants.

Michael L. Paup, Ann Belanger Durney, Jay Miller, Frank P. Cihlar, Justice Dept., Tax Div., Washington, D. C., for appellee.

Before ELY, GOODWIN, and NELSON, Circuit Judges.

---

**5.** Section 166 provides in pertinent part:

(a)(1) Wholly worthless debts.—There shall be allowed as a deduction any debt which becomes worthless within the taxable year.

(2) Partially worthless debts.—When satisfied that a debt is recoverable only in part, the Secretary may allow such debt, in an amount not in excess of the part charged off within the taxable year, as a deduction.

\*　\*　\*　\*　\*　\*

(c) Reserve for bad debts.—In lieu of any deduction under subsection (a), there shall be allowed (in the discretion of the Secretary) a deduction for a reasonable addition to a reserve for bad debts.

**6.** The tax court noted that taxpayer charged the debt off its books in 1978 but did not take a tax deduction. The record does not indicate whether Record Wide has attempted to adjust its tax liability to reflect deduction for this loss in any other year or the extent to which 1978 or other years might still be open for such adjustment. Nor does the record reflect that taxpayer had established and used a bad debt reserve for any of the years at issue.

PER CURIAM:

Essentially upon the basis of the Tax Court's OPINION, reported at 77 T.C. 246 (1981), the decision of the Tax Court is AFFIRMED.

GUILD TRUST, Melba L. Guild, Delmar D. Dean and Mary Melba Guild Dean, husband and wife, Earl Guild and Barbara Jo Guild, husband and wife, Ferd Christiansen and Eva Lois Christiansen, husband and wife, Plaintiffs-Appellants,

v.

UNION PACIFIC LAND RESOURCES CORPORATION, a corporation, Champlin Petroleum Company, a corporation, and Amoco Production Company, a corporation, Defendants-Appellees.

No. 79–1568.

United States Court of Appeals, Tenth Circuit.

June 16, 1982.

